# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6359 | **DATE** | 10/29/2001 |
| **CASE TITLE** | Angell Investments vs. Purizer Corporation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Battelle's motion to stay discovery is granted (20-1). Battelle's motion for reconsideration of this court's September 13, 2001 order is denied as moot (11-1).

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | | Document Number |
|---|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | | |
| | No notices required. | | | number of notices | | |
| | Notices mailed by judge's staff. | | | OCT 3 1 2001 | | |
| | Notified counsel by telephone. | | | date docketed | | |
| ✓ | Docketing to mail notices. | | | | | 30 |
| | Mail AO 450 form. | | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | 01 OCT 30 | | |
| SLB | courtroom deputy's initials | | Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANGELL INVESTMENTS, L.L.C., )
an Illinois limited liability company, et al. )
)
)
Plaintiffs, )
) 01 C 6359
v. )
) Judge George W. Lindberg
)
PURIZER CORPORATION, a Nevada )
corporation, and BATTELLE MEMORIAL )
INSTITUTE, an Ohio not-for-profit corporation, )
)
Defendants. )

DOCKETED
OCT 3 1 2001

**MEMORANDUM OPINION AND ORDER**

Plaintiffs' amended complaint alleges violations of section 10(b) of the Securities and

Exchange Act of 1934, see 15 U.S.C. § 78j(b), and Rule 10b-5, see 17 C.F.R. § 240.10b-5, by

both defendants Battelle Memorial Institute ("Battelle") and Purizer Corporation ("Purizer").

The amended complaint also alleges common law fraud and negligent misrepresentation by

defendant Battelle. Battelle has moved to dismiss the amended complaint; this court will rule on

that motion on or before December 5, 2001. This court previously granted plaintiffs leave to

commence discovery, and Battelle now seeks a stay of discovery pending the issuance of a ruling

on the motion to dismiss pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15

U.S.C. § 78u-4(b)(3)(B).[1] For the reasons stated below, Battelle's motion to stay discovery is

granted.

The PSLRA provides, in pertinent part, that "[i]n any private action arising under this

---

[1] Battelle had previously filed a motion for reconsideration of this court's order granting
plaintiffs leave to commence discovery. That motion is denied as moot.

chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless...particularized discovery is necessary to preserve evidence or to prevent undue prejudice..." 15 U.S.C. § 78u-4(b)(3)(B). Plaintiffs argue that they would be unduly prejudiced if discovery were stayed here while Purizer is allowed to conduct discovery in a related case, and that in any event the PSLRA's discovery stay does not apply to the negligent misrepresentation claim. Neither argument is persuasive.

In case number 01 C 6360, which is being reassigned to this court's docket as a related case, Purizer has brought suit against Battelle on claims of common law fraud, negligent misrepresentation, breach of contract, and unjust enrichment. Because that case does not contain any claims of violations of federal securities laws, the PSLRA's discovery stay does not apply. Plaintiffs characterize this situation as prejudicial to them, but fail to explain how Purizer's head start of approximately one month would harm them, or describe what particularized discovery would be necessary to prevent the undue prejudice that they allege. Accordingly, the court finds that staying discovery pending its ruling on the motion to dismiss will not unduly prejudice plaintiffs.

Plaintiffs also maintain that even if the PSLRA's discovery stay applies to their claims of federal securities law violations and common law fraud,[2] it does not apply to their negligent misrepresentation claim. In support of this argument, plaintiffs cite Tobias Holdings, Inc. v. Bank United Corp., 2001 WL 921168 (S.D.N.Y. 2001). In Tobias Holdings, the District Court for the Southern District of New York considered the application of the PSLRA's discovery stay

---

[2] Plaintiffs appear to concede that the PSLRA's discovery stay would extend to a non-federal fraud claim.

2

in a federal securities fraud case which also contained state law claims of fraud, breach of contract, conspiracy, and tortious interference with contract. Id. at *1. Although the state law claims arose from the same set of facts as the federal securities claims, the court described the state claims as "separate and distinct" from the federal claims and noted that they did not "mirror the federal securities claims." Id. at *2, 4. Federal jurisdiction over the state claims was based on diversity of citizenship. Id. at *1. Noting that "[t]he availability of a single forum to hear both federal and state claims should not be diminished by an unduly broad application of a statute which itself is an exception" to the usual practice of allowing discovery to continue despite the pendency of a motion to dismiss, the court held that the PSLRA does not prohibit discovery on non-fraud state law claims brought under diversity jurisdiction. Id. at *4.

Plaintiff's reliance on Tobias Holdings is misplaced. Contrary to plaintiffs' view, Tobias Holdings does not stand for the proposition that if the basis of federal jurisdiction over state law claims could be found in diversity of citizenship, even where the state claims are closely tied to the federal claims, the PSLRA's discovery stay does not apply. Rather, it stands for the proposition that state law claims that are distinct from the federal securities claims – such as would be expected to be found where the basis of jurisdiction over the state law claims relies solely on diversity of citizenship – are not subject to the discovery stay.

The goal of the PSLRA's discovery stay is to prevent the unnecessary imposition of discovery costs in both money and time on defendants in securities fraud cases, given that such costs often coerce settlements by innocent parties. H.R. Conf. Rep. No. 104-369, at 31-32, 37, reprinted in 1995 U.S.C.C.A.N. 730-31, 736. This goal is not thwarted by allowing discovery to proceed on state law claims that are distinct from the securities law claims, as occurred in Tobias

3

Holdings. However, "Congress' attempt to address [concerns of discovery abuse] would be rendered meaningless if securities plaintiffs could circumvent the stay simply by asserting pendent state law claims in federal court in conjunction with their federal law claims." SG Cowen Securities Corp. v. United States Dist. Ct., 189 F.3d 909, 913 n.1 (9th Cir. 1999).

In their amended complaint, plaintiffs characterized the basis for federal jurisdiction over the common law claims as "supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a)...as these claims are so related to the [federal securities] claims...that they form part of the same case or controversy under Article III of the United States Constitution." In their memorandum of law in opposition to Battelle's motion to stay discovery, plaintiffs now assert that the common law claims "are not truly pendent claims because diversity of citizenship is a separate and independent" jurisdictional basis. Regardless whether federal jurisdiction over these claims could also be grounded in diversity of citizenship, the negligent misrepresentation claim is related closely enough to the federal securities law claims that it appears that the discovery sought on the negligent misrepresentation claim would be precisely the same as what plaintiffs would seek on the securities violations claims absent the discovery stay. Allowing plaintiffs to conduct discovery on the negligent misrepresentation claim now despite the stay would be an improper end run around the PSLRA.

**ORDERED:** Battelle's motion to stay discovery is granted.  Battelle's motion for

reconsideration of this court's September 13, 2001 order is denied as moot.

ENTER:

George W. Lindberg
Senior U.S. District Judge

DATED: _____ OCT 2 9 2001 _____