Minute Order Form (06-97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6359 | **DATE** | 6/26/2002 |
| **CASE TITLE** | Angel Investments vs. Purizer Corporation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Battelle's motion to compel is granted in part and denied in part. Purizer is ordered to produce the document Bates-stamped PC 040404-040418. The motion to compel is denied as to the document Bates-stamped PC 040391-040403. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 2 7 2002 | 95 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | AMC docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| SLB | courtroom deputy's initials | 02 JUN 26 PM 3:52 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JUN 27 2002

| | | |
|---|---|---|
| ANGELL INVESTMENTS, L.L.C., an Illinois limited liability company, et al. | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | 01 C 6359 |
| | ) ) | Judge George W. Lindberg |
| PURIZER CORPORATION, a Nevada corporation, and BATTELLE MEMORIAL INSTITUTE, an Ohio not-for-profit corporation, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

In response to a request from defendant Battelle Memorial Institute ("Battelle"), co-defendant Purizer Corporation ("Purizer") produced a number of documents, including two letters that Purizer now claims are subject to the attorney-client and work product privileges, and should not have been disclosed. Pursuant to Purizer's request, Battelle returned the documents. Battelle now moves to compel their production. For the reasons stated below, Battelle's motion is granted in part and denied in part.

The court has examined the documents at issue in camera. The first is an April 23, 2001 letter from an attorney for Purizer, Roger Longtin, to John Gorman, a Purizer preferred shareholder and chairman of Purizer's board (Bates number PC 040391-040403). The letter attaches a memorandum prepared by attorneys with Longtin's firm. The letter is copied to David Beedie, a Purizer preferred shareholder and Purizer's president, and James Beedie, a Purizer preferred shareholder. The letter also identifies James Beedie as Purizer's "consultant." Gorman

and David Beedie are plaintiffs in a related case against Battelle, number 01 C 6740; James Beedie is a plaintiff, along with a number of other Purizer shareholders, in this case against both Purizer and Battelle.

The April 23, 2001 letter contains confidential legal advice sought by Purizer, regarding potential claims the company and its preferred shareholders might have against Battelle. Thus, this letter is subject to the attorney-client privilege, unless the privilege was waived. Battelle contends that Purizer waived the privilege when a copy of the letter was given to James Beedie, an adverse party to Purizer in this case. Purizer and the shareholders respond that despite their current adverse status, they held a common legal interest as of April 23, 2001, and thus the attorney-client privilege is not waived.

Under the common interest doctrine, disclosure of privileged documents to another party does not waive the privilege if the parties are linked by a common legal interest and are "jointly consult[ing] an attorney concerning a mutual concern." See IBJ Whitehall Bank & Trust Co. v. Cory & Assocs., Inc., 1999 WL 617842, at *3 (N.D. Ill. 1999) (quoting C. McCormick, Law of Evidence, § 95 at 192 (1954 ed.)). This rule applies to any parties – plaintiffs or defendants – who have a common interest in current or potential litigation. Beneficial Franchise Co. v. Bank One, 205 F.R.D. 212, 216 (N.D. Ill. 2001). Moreover, when such parties subsequently become adverse to each other, they still retain a reasonable expectation of confidentiality as to third parties. In re Madison Mgmt. Group, Inc., 212 B.R. 894, 896 (Bankr. N.D. Ill. 1997).

The court agrees that at the time the April 23, 2001 letter was written, Purizer and the preferred shareholders were jointly consulting the same attorney concerning a mutual concern. The document analyzes potential claims of both Purizer and the shareholders together. In

addition, the letter indicates that the attorney received instructions from shareholder James Beedie on how to limit the analysis. Although the letter states vaguely that Beedie gave the instructions as "a consultant for Purizer," Beedie plausibly states in an affidavit attached to the shareholders' brief that he was also consulting counsel as a representative of the preferred shareholders' interests. The court finds that the privilege was not waived when James Beedie received a copy of the letter, and Purizer could still have a reasonable expectation of confidentiality in the letter in relation to Battelle. Since the court has found that the attorney-client privilege was not waived, the court need not consider Purizer's alternative claim of work-product privilege.

The court next turns to the question of whether the attorney-client privilege was waived when the April 23, 2001 letter was produced to Battelle. Purizer argues that its production of the letter was inadvertent, and thus did not waive the privilege. To determine whether an inadvertent disclosure of a privileged document waives the privilege, the court balances five factors: (1) the reasonableness of the precautions taken to prevent disclosure; (2) the time taken to rectify the error; (3) the scope of the discovery; (4) the extent of the disclosure; and (5) the overriding issue of fairness. See Sanner v. Board of Trade, 181 F.R.D. 374, 379 (N.D. Ill. 1998). Applying this balancing test, the court finds that Purizer's inadvertent production of the April 23, 2001 letter did not waive the privilege. First, Purizer appears to have taken reasonable precautions to prevent disclosure by using experienced attorneys and legal assistants, who received instruction from lead counsel as to how to review Purizer's documents for privilege. In addition, approximately two months elapsed between the time the document was produced and the time Purizer requested its return, a not unreasonable amount of time. Finally, according to Purizer, the

company produced 45,000 pages of documents in response to Battelle's request; the documents that are the subject of this motion comprise only 26 pages of that production. These circumstances and a concern for fairness weigh against a finding of waiver.[1]

The second document sought by Battelle in its motion to compel is a May 7, 2001 letter from the preferred shareholders' attorney, Longtin, to James Beedie (Bates number PC 040404-040418). The May 7, 2001 letter contains confidential legal advice sought by James Beedie, regarding potential claims he and the other preferred shareholders might have against Purizer and Battelle. As with the April 23, 2001 letter, the May 7 letter is subject to the attorney-client privilege, unless the privilege was waived.

Between April 23 and May 7, 2001, Purizer had retained separate legal counsel from the preferred shareholders. On May 8, 2001, James Beedie met with Gorman, and Beedie showed Gorman the May 7 letter. Gorman took the letter with him when he left the meeting, and filed it with other papers relating to Purizer. When Battelle requested documents from Purizer, Gorman turned over the May 7 letter to Purizer's attorney along with the rest of his Purizer file, and the letter was subsequently produced to Battelle.

The preferred shareholders argue that they did not waive the privilege when the letter was disclosed to Gorman, because Gorman is a preferred shareholder who, as of May 8, 2001, held a common interest with the other preferred shareholders.[2] The court finds this argument

---

[1] Since the April 23, 2001 document was produced by mistake, Purizer could not have been expected to include it in its privilege log. Thus, the court also rejects Battelle's argument that Purizer waived the privilege by failing to include the April 23, 2001 letter in its privilege log.

[2] Eventually, in August 2001, Gorman retained separate counsel from the other preferred shareholders, and filed his own lawsuit against Battelle (number 01 C 6740). Gorman is not a plaintiff in the preferred shareholders' action.

4

unpersuasive. Although Gorman was a preferred shareholder, he was also the chairman of Purizer's board of directors. On May 8, 2001, it was clear that the preferred shareholders and Purizer had divergent interests. Therefore, when Beedie showed the letter to Gorman, he could have had no reasonable expectation that the letter would be kept confidential from Purizer. In fact, Gorman produced the letter to Purizer's attorney, which would waive the shareholders' privilege if it had not already been waived when Gorman obtained the letter.

**ORDERED:** Battelle's motion to compel is granted in part and denied in part. Purizer is ordered to produce the document Bates-stamped PC 040404-040418. The motion to compel is denied as to the document Bates-stamped PC 040391-040403.

ENTER:

George W. Lindberg
Senior United States District Judge

DATED: JUN 2 6 2002

5