# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 6359 | DATE | 10/3/2002 |
| CASE TITLE | Angell Investment vs. Purizer Corporation | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Joint motion of the parties for entry of orders approving settlements is granted. The date for submitting proposed final pretrial order and trial date are stricken. Enter proposed order and final judgment. Case terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 0 3 2002 | 137 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | AR | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| SLB | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANGELL INVESTMENTS L.L.C., et al., :
:
    Plaintiffs, :
:
v. : Case No. 01C 6359
:
PURIZER CORPORATION, : Hon. George W. Lindberg
a Nevada corporation, and :
BATTELLE MEMORIAL INSTITUTE, :
an Ohio not for profit corporation, :
:
    Defendants. :


DOCKETED
OCT 3 2002

**PROPOSED**
**ORDER AND FINAL JUDGMENT**

This matter having come on for hearing this __1__ day of October, 2002, to determine whether the terms and conditions of the Agreement (the "Preferred Shareholder Settlement Agreement") between the Plaintiffs (the "Preferred Shareholders") and Defendant Battelle Memorial Institute ("Battelle") in Case No. 01C 6359 (the "Action") are fair, reasonable and adequate for the settlement of all claims asserted by the Preferred Shareholders against Battelle including the release of Battelle and the Released Parties (as defined below), should be approved, and the Action dismissed with prejudice, all parties to bear their own costs and attorneys fees. The Court, having considered all matters provided to it in written submissions from all parties, and having heard oral arguments, hereby orders that:

    1.    The Court has jurisdiction over the subject matter of the Action, the Preferred Shareholders, and Battelle.

24876_1.DOC      1

2. The Complaint in the Action, which the Court finds was filed on a good faith basis in accordance with the Private Securities Litigation Reform Act and Rule 11 of the Federal Rules of Civil Procedure, based upon all publicly available information, is hereby dismissed with prejudice and on the merits, all parties to bear their own costs and attorneys fees.

3. The claims, demands, counts, debts, liabilities, obligations and causes of action released by the Preferred Shareholders in the Preferred Shareholders Settlement Agreement are referred to as the "Preferred Shareholders Released Claims." The Preferred Shareholders and the successors and assigns of any of them, are hereby permanently barred and enjoined from violating their obligations under the Preferred Shareholders Settlement Agreement, including but not limited to instituting, commencing or prosecuting, either directly or in any other capacity, any and all claims, rights, demands, suits, matters, issues or causes of action, whether known or unknown, against the Released Parties, whether under state or federal law, including the federal securities laws, and whether directly, indirectly, derivatively, representatively or in any other capacity, in connection with, based upon, arising out of, or relating to the Preferred Shareholders Released Claims against Battelle and other parties identified in the Preferred Shareholders Settlement Agreement as included in the definition of "Battelle" for purposes of the Preferred Shareholders releases (the "Released Parties"). The foregoing prohibition does not apply to any claims to enforce the terms of the Preferred Shareholder Settlement Agreement. The "Preferred Shareholder Released Claims" are hereby compromised, settled, released, discharged and dismissed as against the Released

Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

4. The claims, demand, counts, debts, liabilities, obligations and causes of action released by Battelle in the Preferred Shareholders Settlement Agreement are referred to as the "Battelle Released Claims." Battelle and its successors and assigns, are hereby permanently barred and enjoined from violating its obligations under the Preferred Shareholder Settlement Agreement, including but not limited to, instituting, commencing or prosecuting, either directly or in any other capacity, any and all claims, rights, demands, suits, matters, issues or causes of action, whether known or unknown, against the Preferred Shareholders in this Action, whether under state or federal law, including the federal securities laws, and whether directly, indirectly, derivatively, representatively or in any other capacity, in connection with, based upon, arising out of, or relating to the Battelle Released Claims against the Preferred Shareholders in this Action and any other parties identified in the Preferred Shareholders Settlement Agreement as being included in the definition of "Preferred Shareholders" for purposes of the Battelle releases. The foregoing prohibition shall not apply to any claims to enforce the terms of the Preferred Shareholder Settlement Agreement. The Battelle Released Claims are hereby compromised, settled, released, discharged and dismissed as against the Preferred Shareholders in this Action on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

5. Neither this Judgment, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered or received against Battelle or against the Preferred Shareholders as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by Battelle or by any of the Preferred Shareholders with respect to the truth of any fact alleged by the Preferred Shareholders or the validity of any claim that had been or could have been asserted in the Case No. 01C 6359 or in any litigation, or the deficiency of any defense that has been or could have been asserted in Case No. 01C 6359 or in any litigation, or of any liability, negligence, fault, or wrongdoing of Battelle;

(b) offered or received against Battelle as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Battelle, or against the Preferred Shareholders as evidence of any infirmity in their claims;

(c) offered or received against Battelle or against the Preferred Shareholders as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Preferred Shareholder Settlement Agreement, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Preferred Shareholder Settlement Agreement; provided, however, that the Preferred Shareholders and Battelle may refer to the Preferred Shareholder Settlement Agreement to effectuate the liability protection granted them thereunder;

(d) construed against Battelle or the Preferred Shareholders as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e) construed as or received in evidence as an admission, concession or presumption against Preferred Shareholders that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the amount paid pursuant to the Preferred Shareholder Settlement Agreement.

6. The Preferred Shareholder Settlement Agreement is approved as fair, reasonable and adequate, and Counsel are directed to implement the Preferred Shareholder Settlement Agreement in accordance with its terms and provisions.

7. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

8. Exclusive jurisdiction is hereby retained for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Preferred Shareholder Settlement Agreement and this Order and Final Judgment.

9. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Preferred Shareholder Settlement Agreement.

BY THE COURT:

_____
The Hon. George W. Lindberg